UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAIRE ELIZABETH ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22 CV 175 MTS |
| ) | |
| AMAZON, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee. Having reviewed the application and financial information provided, the Court has determined to grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint, along with a copy of her notice of right to sue and her charge of discrimination.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on February 13, 2022, by filing an employment discrimination complaint against defendant Amazon, Inc. The complaint is on a Court-provided form, as required, however, plaintiff has failed to fill in the caption portion of the complaint form.

Plaintiff placed check marks indicating she brings this lawsuit pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, for termination of her employment and failure to accommodate her disability. She also placed check marks indicating she believes she was discriminated against on the basis of age and disability. Plaintiff has left the request for relief portion blank. Plaintiff has also failed to sign her complaint. *See* Fed.R.Civ.P.11.

Plaintiff states that she has a hearing impairment. In her "Statement of Claim," plaintiff asserts that during her application process at Amazon, on approximately March 18, 2020, she was required to watch a video presentation; however, the video did not contain captioning. Plaintiff does not indicate whether at this point she was already hired for work at Amazon, or whether this step was required for those who wanted to apply.

Nonetheless, it is apparent that plaintiff was hired by Amazon, as plaintiff indicates that between March 18, 2020, and March 26, 2020, she "completed the online forms to get pre-applied," and on March 26, 2020, she received an email instructing her to go to the warehouse office and have her picture taken for a work badge.

Plaintiff states that she went to the warehouse and stood in line for over three hours "with many other people" on March 27, 2020, waiting to have her picture taken. Although "[o]ne of the people doing intakes at that time was a lovely young black woman who appeared to be familiar with ASL[1]," plaintiff informed her that she was not familiar with ASL. Plaintiff states that the woman was "kind enough to accommodate [her] request to have a bathroom break while I waited in line to have my picture taken."

---

[1] Plaintiff appears to be referring to American Sign Language.

3

Plaintiff avers that she received several conflicting emails regarding her start date and time, but it was eventually settled that she would start on April 5, 2020, at 8 p.m. Plaintiff claims that she got to work on time and stood outside in line with other people to get inside and get the work badge and schedule. However, after she received her badge and schedule and was taken to the break room, she was "pulled from the room" and told she was being sent home. Plaintiff does not indicate who allegedly told her she was being sent home.

She states that "they" gave her a flimsy excuse stating, "We don't have a deaf interpreter to train you with. We want you to go home and wait for an email to know when to come in and be trained." She asserts that she explained that she doesn't use an interpreter because she lip reads. She claims that she even showed "them" an app on her phone that types out what anyone says if she is unable to read their lips. She was still sent home.

Plaintiff claims that on April 8, 2020, she was sent an email accusing her of abandoning the job. Plaintiff does not identify who sent her the alleged email or what the email said exactly. Plaintiff asserts that she "emailed back" and "explained what actually happened." She said she still wanted to work at Amazon and asked if they still wanted her to return. Plaintiff has not indicated if she is still employed by Amazon.

Plaintiff has not provided the Court with either a copy of her charge of discrimination or her right to sue letter from the Equal Employment Opportunity Commission (EEOC). Because the Court is requiring plaintiff to amend her pleading, she will be asked to supplement the docket with copies of her right to sue letter and her charge.

## Discussion

The complaint in this matter is defective for several reasons. First, plaintiff has failed to sign her complaint. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented

4

party to personally sign her pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." Similarly, the local rules of this Court require self-represented parties to sign all their filings. E.D. Mo. L.R. 2.01(A)(1).

Second, plaintiff has not alleged facts in support of the claims she wishes to bring before this Court, *i.e.*, age discrimination and/or disability discrimination. Simply checking boxes is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

To establish discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). Although plaintiff makes it clear in her complaint that she was hearing impaired, she does not allege that she was terminated from Amazon because of her purported disability.

In order to establish a *prima facie* case under the ADEA, a plaintiff must demonstrate he is a member of the protected class (over 40 years of age); he was qualified for the position; he suffered an adverse employment action; and similarly-situated employees outside the class were treated more favorably. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010) (internal citation omitted). Here, while plaintiff includes her birth date to indicate she is over forty and can be understood to allege she was appropriately qualified, she makes no attempt to demonstrate she suffered discrimination on the basis of her age. Simply placing a check mark does not sufficiently state a plausible ADEA claim. As a result, plaintiff's ADEA claims appear to be insufficient to state a claim.

5

Third, plaintiff has completely failed to allege exactly who at Amazon she believes was personally involved in the alleged discriminatory behavior. It is important that plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming her. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Last, plaintiff must include a copy of her charge of discrimination and her notice of right to sue when amending her complaint in order for the Court to ensure that plaintiff has adequately exhausted her administrative remedies. To initiate a claim in this Court under the ADA, a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter.[2] 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability).

In consideration of plaintiff's self-represented status, the Court will give her the opportunity to file an amended complaint to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims. Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

---

[2]There is no such requirement to file suit under the Age Discrimination in Employment Act.

6

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Because an amended complaint entirely replaces the original complaint, she must also reattach copies of her administrative charge and her EEOC right-to-sue letter.

If plaintiff wishes to assert claims under the ADA or the ADEA as indicated by her original complaint, she must clearly state her disability and age, and then carefully describe the adverse employment action she believes was taken, by whom, *and* why it amounted to disability and age discrimination.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with copies of her charge of discrimination and notice of right to sue. Upon receipt of these documents, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2],is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days** from the date of this Memorandum and Order. Plaintiff must attach a copy of her EEOC right-to-sue letter and charge of discrimination with her amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 25th day of February, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE