UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAIRE ELIZABETH ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:22 CV 175 MTS |
| | ) |
| AMAZON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's amended complaint, Doc. [6]. After review of the allegations in the amended complaint, along with the charge of discrimination and the notice of right to sue, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on plaintiff's claims for disability discrimination.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff initiated this action on February 13, 2022, by filing an employment discrimination complaint against defendant Amazon, Inc. Doc. [1]. The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim on February 25, 2022. Plaintiff was ordered to amend her pleading to clarify her allegations. Plaintiff was also instructed to amend her complaint because she had failed to sign her original complaint

2


pursuant to Federal Rule of Civil Procedure 11, and it was therefore defective. Additionally, plaintiff was instructed to provide the Court with copies of both her charge of discrimination, as well as her notice of right to sue so that the Court could assess the timeliness of her claims within her complaint.

Plaintiff submitted her amended complaint to the Court on March 16, 2022.[1] Plaintiff filed her amended complaint on a court-provided form and attached a notice of right to sue from the Equal Employment Opportunity Commission (EEOC), as well as a charge of discrimination. She brings this action against the following defendants: Amazon, Inc., Lauren Shaper, Sr., and Beth Galetti[2] (Supervisor, Human Resources).

Plaintiff placed check marks on her amended complaint indicating she brings this lawsuit pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, for termination of her employment and for failure to accommodate her disability. She also placed check marks indicating she believes she was discriminated against on the basis of her age (over 40) and disability. Plaintiff states that she is seeking no less than $500,000.

In the statement of claim portion of the amended complaint, plaintiff states, "See Exhibit B – Date by date description of events." Doc. [6] at 12. In her amended complaint she notes that the discrimination occurred "April 2, 2020 onward." *Id.* at 10.

---

[1] Plaintiff filed a motion for extension of time to file her amended complaint to the extent it was filed untimely. Plaintiff's motion will be denied as moot, as plaintiff's amended complaint was due to this Court on March 18, 2022. Therefore, her amended complaint was timely filed.

[2] The docket spells defendant's name as Galette. However, plaintiff spells defendant's name as Galetti. The Court will spell the name as Galetti from hereafter in reference to plaintiff's spelling of defendant's name.

In Exhibit B to her amended complaint, plaintiff asserts that during her application process at Amazon, on approximately March 18, 2020, she began the application process with a request to for accommodation for her hearing impairment. Doc. [6-1] at 14. She claims that the application required watching a video presentation; however, the video did not contain captioning. Plaintiff states that from March 18, 2020, through March 26, 2020, she completed the online forms to get pre-applied.

Plaintiff claims that on March 26, 2020, she received an email instructing her to go to the warehouse office and have her picture taken for a work badge. *Id.* She states that she went to the warehouse and stood in line for over three hours "with many other people" on March 27, 2020, waiting to have her picture taken. Although "[o]ne of the people doing intakes at that time was a lovely young black woman who appeared to be familiar with ASL[3]," plaintiff informed her that she was not familiar with ASL. Plaintiff states that the woman was "kind enough to accommodate [her] request to have a bathroom break while I waited in line to have my picture taken."

Plaintiff avers that she received several conflicting emails regarding her start date and time, but it was eventually settled that she would start on April 5, 2020, at 8 p.m. *Id.* Plaintiff claims that she got to work on time and stood outside in line with other people waiting to go inside to get their work badges and schedules. However, after she received her badge and schedule, she was taken to the break room, "pulled from the room," and was told she was being sent home. Plaintiff does not indicate who allegedly told her she was being sent home. *Id.*

She states that "they" gave her a flimsy excuse stating, "We don't have a deaf interpreter to train you with. We want you to go home and wait for an email to know when to come in and be trained." *Id.* She asserts that she explained that she doesn't use an interpreter because she lip reads.

---

[3]Plaintiff appears to be referring to American Sign Language.

She also claims that she even showed "them" an app on her phone that types out what anyone says if she is unable to read their lips. She was still sent home.

Plaintiff claims that on April 8, 2020, she was sent an email accusing her of abandoning the job. *Id.* Plaintiff does not identify who sent her the alleged email or what the email said exactly. Plaintiff asserts that she "emailed back" and "explained what actually happened." She said she still wanted to work at Amazon and asked if they still wanted her to return. Plaintiff alleges that on April 9, 2020, she was emailed a termination letter from Amazon. The the termination letter was dated April 2, 2020. *Id.* Plaintiff claims, however, that on April 15, 2020, she was emailed a second termination letter dated April 5, 2020. Plaintiff does not identify who sent her the termination letters.

Plaintiff claims that she still has in her possession her work badge and schedule, and she states that she was paid for the short time she was on the clock while waiting to be trained.

Plaintiff filed a charge of discrimination with the EEOC on October 20, 2020. Doc. [6] at 5. In her charge of discrimination, plaintiff asserts:

> I applied for a position with the above named employer. This position was to work in the fulfillment center with a stating rate of $17.00 per hour.
>
> At the beginning of the online application process, I disclosed that I was deaf and did not require a reasonable accommodation. On April 5, 2020, I reported for training and obtained my badge and my work schedule, I was then sent to a break room to wait for training to start. While waiting with the other new employee, I noticed that I was the only applicant over 40. An employee came to me and told me that I was being sent home because there was no "deaf interpreter" to train with me. I was told that I would be contacted via email with a new training date. I tried to explain to the employee that I did not need an interpreter because I read lips and I have an app on my phone that types out everything that is spoken to me. On April 8, 2020, I received an email accusing me of abandoning my job. I responded to the email explaining what happened on April 5, 2020. On April 9, 2020, Respondent sent me another email with a letter of termination attached. The termination date on the letter was April 2, 2020, three days before my actual start date.

5

> I believe I have been discriminated against because of my disability and because of my age, 54, in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act.

Plaintiff received a notice of right to sue from the EEOC on November 15, 2021. *Id.* at 7.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's amended complaint, the Court finds that several of plaintiff's allegations are subject to dismissal.

### A. Failure to State a Claim

Plaintiff's amended complaint fails to state a claim with respect to her allegations under the Age Discrimination in Employment Act. Plaintiff completed her amended complaint on a Court-provided form, along with several supplements, which specifically states she is required to describe the essential facts of her claim, including the conduct she believes is discriminatory, and a description of how each defendant is involved in such conduct. Plaintiff's complaint is devoid of any facts against the named defendants, including her employer, Amazon, Inc., that describe allegations of discrimination under the ADEA. As such, the Court is unable to determine whether her claims give rise to "a claim for relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, plaintiff's claims against all defendants, including her employer, Amazon, Inc., are subject to dismissal with respect to the ADEA.

Plaintiff's age discrimination claims under the ADEA are implausible. In order to establish a *prima facie* case under the ADEA, a plaintiff must demonstrate she is a member of the protected class (over 40 years of age); she was qualified for the position; she suffered an adverse employment action; and similarly-situated employees outside the class were treated more favorably. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010) (internal citation omitted).[4]

---

[4] The Court is aware that in *Swierkiewicz v. Sorema*, 534 U.S. 506, (2002), the Supreme Court negated any need to plead a *prima facie* case in the discrimination context and emphasized that the *prima facie* model

Here, while plaintiff includes her birth date to indicate she is over forty and can be understood to allege she was appropriately qualified, she makes no attempt to demonstrate she suffered discrimination *on the basis of her age*. Simply placing a check mark next to the ADEA box does not sufficiently state a plausible ADEA claim, nor does plaintiff's claim that she was the only one in her training room who was "over 40." Most importantly, plaintiff has not alleged in her amended complaint that the discrimination purportedly occurred because of her age.

Plaintiff has failed to "assert facts that affirmatively and plausibly suggest that [she] has the right [she] claims ..., rather than facts that are merely consistent with such a right." *See Gregory*, 565 F.3d at 473. Furthermore, plaintiff has not presented any factual allegations supporting discrimination on the basis of her age. As a result, plaintiff's ADEA claims are insufficient to state a claim and are subject to dismissal.

### B. Administrative Remedies

Plaintiff's charge of discrimination names Amazon as the respondent. If plaintiff wishes to bring a lawsuit against the additional defendants she names in her amended complaint, she must have a right to sue letter from the EEOC that names them, as this is a prerequisite to the filing of a civil suit. *See Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985) (a plaintiff must file a charge with the EEOC against a specific party before she can sue that party in court).

Courts, however, have recognized an exception to the general rule that a defendant must first be named in an EEOC charge. This exception is commonly referred to as the "identity of

---

is an evidentiary, not a pleading, standard. Under *Swierkiewicz*, "[i]t is not necessary to plead facts sufficient to establish a *prima facie* case at the pleading stage." *Id.* at 54 (citing *Swierkiewicz*, 534 U.S. at 512. However, the Eighth Circuit, in *Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009), stated that "elements of the *prima facie* case are [not] irrelevant to a plausibility determination in a discrimination suit." Instead, such "elements are part of the background against which a plausibility determination should be made." *Id.* (citations omitted). In summary, "the elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim."

interest" exception, which can be applied where "substantial identity" exists between the parties before the EEOC and the court. *Johnson v. Palma*, 931 F.2d 203, 209 (2nd Cir. 1991); *Sedlacek*, 752 F.2d at 336. This exception permits an employment discrimination claim "to proceed against a party not named in the EEOC charge where there is a clear identity of interest between the unnamed defendant and the party named in the EEOC charge." *Henry v. E.G. & G. Missouri Metals Shaping Co.,* 837 F. Supp. 312, 313-14 (E.D. Mo. Nov. 19, 1993) (citing *Johnson,* 931 F.2d 203 at 209). "Where the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, an action against that party may proceed in court." *Id.* at 314 (citing *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985)).

Plaintiff's charge of discrimination does not name Lauren Shaper, Sr. and Beth Galetti as respondents. Plaintiff fails to provide facts to show what connection, if any, the individual defendants have to her disability discrimination claims. In fact, the Court has reviewed the documents attached to her amended complaint and found no references to defendant Shaper. Only one reference was made to defendant Galetti, who apparently provided plaintiff with an Amazon confidentiality agreement.

Plaintiff's failure to bring a discrimination charge against these individual defendants or give them notice of her claims by referencing their alleged conduct in her charge of discrimination, makes the claims against these defendants subject to dismissal for failure to exhaust administrative remedies. Furthermore, to the extent plaintiff is attempting to assert ADEA and ADA claims against the individual defendants in this matter, such claims are subject to dismissal. That is, such claims may only be brought against the employer itself.

### C. Can Only Bring Suit Against Employer

Title VII only provides a remedy against an "employer," who is a "person engaged in an industry affecting commerce who has fifteen or more employees." *See* 42 U.S.C. §§ 2000e(b); 2000e-2(a). Like the law under Title VII, there is no individual liability for co-workers or supervisors under the ADA, only employers. *See Kirkman v. Faurecia Emissions Control Technologies, Inc.*, 2020 WL 1275618, at *3 (E.D. Mo. Mar. 17, 2020) (compiling cases); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).

Most courts who have examined the issue have similarly determined that there is no individual liability under the ADEA. *See, e.g., Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.,* 2016 WL 4443186, at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame*, LLC, 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.,* 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.,* 2002 WL 31128057, at *4 (N.D. Iowa Sept. 17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA"); and *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA"). *See, e.g., Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 686 (5th Cir. 2001); *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government,* 1996 WL 467654, at *5 (7th Cir. 1996) ("The ADEA, like Title VII, does not authorize individual liability claims"); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir. 1994); and *Miller v. Maxwell's Int'l,* 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small

9

entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").

For the aforementioned reasons, plaintiff's claims against defendants Lauren Shaper and Beth Galetti will be dismissed.

### D. ADA Claims

To establish discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

Plaintiff asserts in her amended complaint that she was hired and then fired by Amazon because of her hearing impairment, which she claims is a disability under the ADA. At this juncture of the case the Court will issue process on plaintiff's claim for disability discrimination in employment as to her former employer, Amazon, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims in her amended complaint against the individual defendants Lauren Shaper and Beth Galetti are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims in her amended complaint for age discrimination in her employment brought pursuant to the ADEA are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process on plaintiff's claims for disability discrimination in her amended complaint, as to defendant Amazon.com, Services, Inc.

Defendant Amazon.com, Services, Inc. shall be served with process at its registered agent: C.S.C.-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file her amended complaint, Doc. [5], is **DENIED AS MOOT** as plaintiff's amended pleading was timely filed.

**IT IS FURTHER ORDERED** that an appeal from this Order of Partial Dismissal shall not be taken in good faith.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of April, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE